UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HERBERT STUDSTILL EL,

        Plaintiff,                 Case Number 18-50105
                                                   Honorable David M. Lawson

v.

DEBORAH S. HUNT,

        Defendant.
_____/

## ORDER DISMISSING COMPLAINT

The plaintiff has filed a *pro se* complaint against Deborah Hunt, the Clerk of Court for the United States Court of Appeals for the Sixth Circuit. The plaintiff believes Hunt violated his right to free access to the courts when she entered an order denying his application to proceed *in forma pauperis* in another case. The plaintiff also has filed an application to proceed in this Court without prepaying fees or costs.

When a plaintiff asks the court to waive fees and costs because he cannot afford to pay them, the court has an obligation to screen the case for merit and dismiss the case if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "A complaint lacks an arguable basis in law or fact if it . . . is based on legal theories that are indisputably meritless." *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000) (citing *Neitzke*, 490 U.S. at 327-28).

Although a *pro se* litigant's complaint is to be construed liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), such complaints still must plead facts sufficient to show a redressable legal

wrong has been committed. Fed. R. Civ. P. 12(b)(6); *Dekoven v. Bell*, 140 F. Supp. 2d 748, 755 (E.D. Mich. 2001). "The leniency granted to pro se [litigants] . . . is not boundless." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). The screening mandated by Congress in section 1915(e)(2) includes the obligation to dismiss civil complaints filed by prospective *pro se* filers if they "fail to state a claim upon which relief may be granted." *See* 28 U.S.C. § 1915(e)(2)(B) (ii); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Dismissal on the Court's own motion is appropriate if the complaint lacks an arguable basis when filed. *Goodell v. Anthony*, 157 F. Supp. 2d 796, 799 (E.D. Mich. 2001).

The plaintiff's complaint is subject to dismissal under section 1915(e)(2)(B) for at least two reasons. First, liberally construing the plaintiff's complaint, the Court finds that it fails to state a claim upon which relief may be granted under Rule 12(b)(6). "[B]are assertions," such as those that "amount to nothing more than a 'formulaic recitation of the elements'" of a claim, can provide context to the factual allegations, but are insufficient to state a claim for relief and must be disregarded. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009) (quoting *Twombly*, 550 U.S. at 555). The plaintiff's civil cover sheet indicates that the complaint alleges violations of the Seventh and Ninth Amendments, but the complaint itself makes little reference to applicable law. Moreover, the complaint does not plausibly allege any facts that suggest Hunt violated the plaintiff's rights under either amendment when she entered an order denying his application to proceed *in forma pauperis* on appeal. The complaint only alleges that Hunt acted outside the scope of her duties when she entered that order, even though the district court apparently had recognized the plaintiff's right to

appeal.  These allegations cannot be considered anything but bare assertions that Hunt's actions somehow infringed the plaintiff's constitutional rights.

Second, the complaint seeks monetary relief from a defendant who is immune from suit. "[N]onjudicial persons who fulfill quasijudicial functions intimately related to the judicial process have absolute immunity for damage claims arising from their performance of the delegated functions."  *Moses v. Parwatikar*, 813 F.2d 891, 892 (8th Cir. 1987) (citing *Myers v. Morris*, 810 F.2d 1437, 1466 (8th Cir. 1987)). The Supreme Court has established a functional approach for determining whether a non-judicial officer is entitled to absolute immunity, that is, whether that person's actions bear a close relationship to the judicial process, and whether her judgments are comparable to those of a judge.  *Cleavinger v. Saxner*, 474 U.S. 193, 201 (1985).  *See also Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994).  The Court finds that in entering an order that denied the plaintiff's application to proceed *in forma pauperis* in another case, Hunt performed a quasi-judicial function that entitles her to absolute immunity from suit.  *See Harris v. Suter*, 3 F. App'x 365, 366 (6th Cir. 2001) ("When a clerk files or refuses to file a document with the court, he is entitled to immunity, provided the acts complained of are within the clerk's jurisdiction.").

In addition to the reasons for dismissal stated above, the Court notes that the plaintiff has been "enjoined from further filing new actions without permission from the judge assigned to any new proposed complaint."  *Studstill v. Green*, No. 17-12611, 2017 WL 3616568, at *3 (E.D. Mich. Aug. 23, 2017).  The plaintiff did not obtain leave from the Court prior to filing this action.

Accordingly, it is **ORDERED** that the plaintiff's application to proceed without prepaying fees or costs [dkt. #2] is **DENIED**.

It is further **ORDERED** that the complaint is **DISMISSED WITH PREJUDICE**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: January 24, 2018

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 24, 2018.

s/Susan Pinkowski
SUSAN PINKOWSKI

-4-